116

### Earl Clifton COTTRELL v.
### Trenda Louise Rucker COTTRELL

74-360                                    522 S.W. 2d 433

Opinion delivered May 12, 1975

*Q. Byrum Hurst, Jr.*, for appellant.

*Wood, Smith & Schnipper*, for appellee.

FRANK HOLT, Justice. Appellant petitioned the probate court to vacate a final order of adoption in which he adopted appellee's natural child. The court denied and dismissed appellant's petition. We first consider and find no merit in appellant's contention for reversal that the action of the court was not supported by the evidence.

In 1966 the appellant and the appellee were married. At the time of this marriage, appellee had a four year old daughter. A final order was rendered in 1969 approving appellant's adoption of this child. The parties were divorced in 1973 and appellant was ordered to pay child support. Appellant then sought to set aside the adoption order contending he neither consented to nor signed the petition and his signature was a forgery.

Appellant testified that he never discussed with appellee the adoption of her child and the first that he knew about the adoption order was in 1973 during the divorce action. He denied that he ever signed the verified petition or in any manner consented to it. He admitted that his signature on the petition and verification "looks a great deal like my signature." His explanation of the similarity to his real signature was that "[I]t could have been traced on a clear piece of paper." His wife had access to his proper signature. He admitted that since their marriage in 1966, the child had used his name. It is undisputed that a birth certificate was issued showing him as the father following the adoption. He admitted that two exhibits introduced into evidence, other than the adoption papers, contained his genuine signatures. Another exhibit (a yellow sheet of paper) contained a series of his signatures which were made for the benefit of the court. Appellant admitted that he was trying to set aside the adoption of the child because he didn't think he should pay child support.

The appellee testified that she and the appellant had discussed his adopting her daughter before their marriage and it was his desire to do so. Subsequent to the marriage, he directed her to have the necessary legal papers drafted which she did. Appellee testified that she "definitely" saw appellant sign the petition in their home and he never questioned the adoption until the divorce proceeding which required him to pay child support. She paid for the adoption proceeding because "whichever bill was due we paid it." Neither party accepted the court's offer to submit the various signatures to a handwriting expert.

The appellant had the burden of proof to sustain his allegation that his signature in the adoption proceeding was a forgery or fraudulent. As we have so often said, the trial court is in a much better position to resolve conflicting evidence since it observes and hears the witnesses. We only have before us the printed record. Appellant has neither discharged his burden of proof by showing fraud by clear, cogent and convincing evidence nor by a preponderance of the evidence. *Clay* v. *Brand,* 236 Ark. 236, 365 S.W.2d 256 (1963).

Appellant's next two contentions for reversal are to the effect that the adoption proceeding is null and void because the appellant admittedly did not sign the notarized petition in the presence of a notary public. Appellant and the appellee did not separate for approximately four years after the rendition of the final order of adoption during which time the child resided with them. Ark. Stat. Ann. § 56-112 (Repl. 1971), in pertinent part, provides:

No action shall be brought to set aside an Adoption Decree for any procedural or jurisdictional defect except within two (2) years after its rendition, if the adopted person has, in fact, lived with the adopting parents that length of time . . . .

Since the appellant's adopted child resided with them for longer than two years following the final adoption order, we find no merit in appellant's contentions as to the procedural defect.

Affirmed.